UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN MICHAEL PAULSON, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-CV-1048 AJB (NLS)<br><br>**ORDER GRANTING CO-TRUSTEES' MOTION TO REMAND THE PROBATE PETITION TO STATE COURT**<br><br>(Doc. No. 5) |

Presently before the Court is Vikki E. Paulson and Crystal Christensen's (collectively referred to as "Co-Trustees") motion to remand to state court. (Doc. No. 5.) As explained below, the Court **GRANTS** Co-Trustees' motion to remand the Probate Petition.

## BACKGROUND

Vikki E. Paulson and Crystal Christensen are the current co-trustees of the Allen E. Paulson Living Trust (the "AEPLT"). The Co-Trustees filed a Probate Petition under California Probate Code Section 17200 to the probate division of the Superior Court for the State of California, County of San Diego. The Probate Petition seeks the following relief from the Probate Court: "(1) an order for final distribution instructing the Co-Trustees on how to dispose of the AEPLT's remaining assets so that all creditors' claims may be

addressed at once rather than in the piecemeal, sequential fashion that the Government's approach entails; (2) an order discharging the Co-Trustees; and (3) an order terminating the insolvent AEPLT, which has failed in its essential purpose and costs more to administer than can be justified by its financial condition." (Doc. No. 5 at 11; *see* Davidson Decl., Ex. A, ¶¶ 1–5.)

Previously, the United States of America instituted an action to recover unpaid estate taxes, penalties, and interest from the Estate of Allen E. Paulson in front of this Court. (Doc. No. 1, Case No. 15-CV-02057-AJB-NLS.) On May 25, 2018, the United States removed the Co-Trustees' Probate Petition from the Superior Court of California on the basis of 28 U.S.C. § 1441 and 28 U.S.C. § 1442. (Doc. No. 1.) Co-Trustees have now filed a motion to remand the Probate Petition back to state court. (Doc. No. 5.)

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action to federal court only if the district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 566–67.

## DISCUSSION

First, the United States bases removal of the Probate Petition on 28 U.S.C. § 1441(a) because it presents a substantial question of federal law. (Doc. No. 1 at 4.) A state law claim is said to arise under federal law if it states a federal claim or if the federal issues are "actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*

*& Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The determination as to whether there are substantial questions of federal law must be made "by reference to a well-pleaded complaint." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Plaintiff asserts that the Probate Petition does not assert any claim created by federal law, but rather the Probate Petition was brought under California Probate Code Section 17200. (Doc. No. 5-1 at 15.) The Court agrees, and the United States does not appear to argue that any claim was created by federal law.

Rather the United States asserts that there is a federal question that must be resolved in order to determine the claims in the Probate Petition. (Doc. No. 7 at 6.) The United States contends that the Probate Petition "is a direct attempt to challenge (or end run) the United States' claims against them for personal liability under 26 U.S.C. § 6324(a)(2)." (Doc. No. 7 at 8.) However, the Probate Petition does not assert the same claims as the federal collection action pending in front of this Court. The Probate Petition does not raise any federal issues. The Court finds the reasoning in *White v. Connell*, No. C 17-03177 WHA, 2017 WL 3535033 (N.D. Cal. Aug. 17, 2017) to be compelling. In *White*, the party argued that "the probate petition plaintiff filed in state court is 'inextricably intertwined' with the related RICO complaint that he subsequently filed." *Id.* at *3. The court held that the fact that the party "raises federal issues in a separate action does not change the analysis." *Id.* The same is true here. The United States has raised federal issues in the federal collection action, however, that does not simply mean that federal issues are thus raised in the Probate Petition.

The United States next contends that the probate exception would further not apply because of the priority rights of the United States under 31 U.S.C. § 3713. (Doc. No. 7 at 8–10.) However, the Probate Petition seeks an order "[d]irecting Petitioners how to satisfy all competing claims on the Trust's remaining assets with an order for final distribution." (Doc. No. 1-1 at 34.) California Probate Code § 11420(a) preserves the priority of the United States pursuant to federal law or state law. Accordingly, the United States' priority

does not raise a substantial federal issue.

Next, the United States argues that removal was proper under 28 U.S.C. § 1442. (Doc. No. 7 at 10.) 28 U.S.C. § 1442 applies when a civil action is against or directed at the United States. "An entity seeking removal under § 1442(a)(1) bears the burden of showing 'that (a) it is a 'person' within the meaning of the statute; (b) there is a casual nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Goncalves v. Rady Children's Hospital San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017). Here, the Government does not address this standard in either its notice of removal or its opposition to the Co-Trustees' motion to remand. Rather, the Government simply alleges that because the United States is a party to the action removal is proper. The Government does not address what "colorable federal defense" it can assert. The Court agrees with the Co-Trustees that the Probate Petition does not seek a judgment against the United States, but rather would compel acts by the Co-Trustees. Therefore, the United States would not assert a colorable federal defense in the probate action. Accordingly, the Court does not find that removal is warranted by 28 U.S.C. § 1442.

Finally, the probate exception applies in this matter. A federal court may not exercise jurisdiction that would require it to "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Markham v. Allen*, 326 U.S. 490, 494 (1946). "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of the property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). The United States contends that the AEPLT is not part of a dependent or supervised probate estate and therefore, the probate exception does not prevent removal. (Doc. No. 7 at 3.) However, "[t]he probate court has general power and duty to supervise the administration of trusts."

*Schwartz v. Labow*, 164 Cal. App. 4th 417, 427 (Cal. Ct. App. 2008). Further, the United States provides no case law for the assertion that the exception is limited to the administration of a "probate estate." And most importantly, the Probate Court has previously been supervising the AEPLT by *sua sponte* removing Michael Paulson as trustee and the imposition of periodic trustee reports. (Doc. No. 1-1 at 17–18, 23.) Accordingly, the Court finds that the probate exception applies and removal to this Court is not warranted.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Co-Trustees' motion to remand the Probate Petition, only. The Court retains jurisdiction over the pending federal collection action. Defendants are ordered to serve all notice, pleadings and other matters filed in the Probate Action upon Plaintiff United States of America.

**IT IS SO ORDERED**.

Dated: March 29, 2019

Hon. Anthony J. Battaglia
United States District Judge